1

2

3          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA

5

6

7  SASHA GIVERTS, et al.,

8          Plaintiffs,                          No. C 10-0788 PJH

9     v.                                  **ORDER DISMISSING COMPLAINT AND DENYING REQUEST TO PROCEED**

10 BAC HOME LOAN SERVICING CO.,           **IN FORMA PAUPERIS**

11         Defendant.

12 _____/

13        The court has received plaintiff's complaint and application to proceed in forma

14 pauperis, both filed in this court on February 24, 2010.  Because there is no legal basis for

15 plaintiff's complaint, the court denies plaintiff's application and dismisses the complaint <u>sua</u>

16 <u>sponte</u>.

17        Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the

18 commencement . . . of any suit . . . without prepayment of fees and costs or security

19 therefor, by a person who makes affidavit that he is unable to pay such costs or give

20 security therefor."  In reviewing an application to proceed <u>in forma pauperis</u>, the court may

21 dismiss a case <u>sua sponte</u> if the court determines that the party applying for <u>in forma</u>

22 <u>pauperis</u> status has filed a frivolous action.  28 U.S.C. § 1915(e)(2); <u>Jackson v. Arizona</u>,

23 885 F.2d 639, 640 (9th Cir. 1989).  For purposes of 28 U.S.C. § 1915, a frivolous claim is

24 one that lacks an arguable basis in either law or fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319,

25 325, 109 S. Ct. 1827, 1831-32 (1989).  Dismissal on these grounds are often made <u>sua</u>

26 <u>sponte</u> prior to the issuance of process, so as to spare prospective defendants the

27 inconvenience and expense of answering such complaints.  <u>Id.</u>, 490 U.S. at 324, 109 S. Ct.

28 at 1831.  Where a litigant is acting <u>pro se</u> and the court finds the litigant's complaint

1  frivolous within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant

2  notice of the deficiencies of the complaint and an opportunity to amend before final

3  dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be

4  cured by amendment.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Eldridge v.

5  Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

6          Plaintiffs' complaint spans a single handwritten page, and generally alleges that

7  defendant's predecessor, Countrywide Bank, FSB, issued a mortgage loan to plaintiffs in

8  2007, with insufficient information about the loan being provided to plaintiffs at the time.

9  See Complaint.  Specifically, plaintiffs allege that "nobody" explained to plaintiffs that they

10 were "not qualified for so big loan [sic]" and furthermore, that the bank did not provide "all

11 information about the loan at that time."  See id.  To that end, plaintiffs allege that the bank

12 is "responsible for all the money [plaintiffs] lost" in trying to pay off their mortgage for the

13 past three years.  Id.

14         Although clear that plaintiffs protest the bank's role in issuing them a mortgage loan

15 in 2007, it is impossible to discern from plaintiffs' complaint the actual legal theories under

16 which plaintiffs seek relief.  Plaintiffs allege no detailed facts in support of their complaint,

17 state no basis for the court's subject matter jurisdiction, and fail to identify any recognizable

18 causes of action.  Accordingly, the court finds plaintiffs' complaint frivolous within the

19 meaning of 28 U.S.C. § 1915(e), and plaintiffs' complaint is DISMISSED.

20         Although the court is of the opinion that repleading will not resolve the deficiencies in

21 the complaint, the court will nonetheless allow plaintiffs an opportunity to file an amended

22 complaint.  For that amended complaint to be successful, plaintiffs must identify each

23 defendant by official name and location, must allege separate causes of action, must state

24 a constitutional or statutory basis for each cause of action, and must allege facts showing

25 each defendant's personal involvement in the wrongful act alleged in each cause of action.

26 Any amended complaint must be filed no later than **March 29, 2010**.

27         If plaintiffs fail to file the amended complaint by March 29, 2010, or if they file an

28

1 amended complaint not in accordance with the above instructions, the case will be

2 dismissed with prejudice.

3      Because the court orders dismissal pursuant to 28 U.S.C. § 1915, plaintiffs' request

4 to proceed in forma pauperis is DENIED.

5

6 **IT IS SO ORDERED.**

7 Dated: February 25, 2010

8                                        PHYLLIS J. HAMILTON
                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3