UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SASHA GIVERTS, et al.,

        Plaintiffs,

        v.

BAC HOME LOAN SERVICING CO.,

        Defendant.

_____/

No. C 10-00788 PJH

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

        Plaintiffs Sasha Giverts and Lyudmila Zelenskaya filed this action on February 24, 2010, against defendant BAC Home Loan Servicing, LP, alleging certain wrongful conduct by defendant's alleged predecessor, Countrywide Loan, in connection with a mortgage loan issued to plaintiffs in 2007. The same day, plaintiffs filed an application for a temporary restraining order ("TRO"), seeking to prevent defendant from conducting an "action sale of [plaintiffs'] property" located at 1731 Valley View Avenue, Belmont, California, 94002. The court finds that the application for the TRO must be DENIED.

        To warrant injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, --- U.S. ----, 129 S.Ct. 365, 374 (2008); see also Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009). Plaintiffs, however, have failed to substantively address any of these elements in their request for a TRO, let alone have they made a sufficient evidentiary or legal showing of the requisite elements. In particular, plaintiffs have failed to identify any particular claims for relief being stated against defendant, proffer evidence or argument demonstrating that plaintiffs satisfy

the requirements necessary to succeed on each and all claims for relief, or even set forth the date upon which the "action sale" of plaintiffs' property is to take place. Thus, plaintiffs have failed at a minimum, to establish the critical elements of likelihood of success on the merits and the irreparable nature of the harm that plaintiffs stand to suffer absent issuance of a TRO. Accordingly, plaintiffs' showing is fatally deficient, and the motion for temporary restraining order is DENIED.

Moreover, plaintiffs have failed to otherwise satisfy the requirements of Federal Rule of Civil Procedure 65. In addition to failing to file a proof of service of the summons, complaint, or request for a TRO on the defendant, plaintiff has also failed to file an affidavit or verified complaint that sets forth "specific facts . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; or a written certification of the "efforts made to give service and the reasons why it should not be required." Fed. R. Civ. P. 65(b). While the court recognizes that plaintiffs' failure to demonstrate proof of service of the summons, complaint and TRO request upon the defendant may partly be due to the pending status of plaintiff's in forma pauperis request – addressed by way of separate order filed concurrently herewith – plaintiffs have nonetheless failed to satisfy the procedural requirements of Federal Rule of Civil Procedure 65(b) on this additional ground.

Accordingly, plaintiffs' motion for temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: February 25, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge